# Kuhl *vs* Knauer, &c.

 APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Case* 40.            *Marriage. Evidence. Cohabitation.*

*October* 13.     JUDGE BRECK delivered the opinion of the Court.

THIS is a controversy for the personal estate of Catharina Jacobina Christina Sudholtz or Kuhl, deceased, between Christian Kuhl, claiming as her surviving husband,

Case stated and
decision of the
Chancellor.

and Michael Knauer and wife, claiming in right of the latter as her sister and heir.

Knauer and wife exhibited their bill claiming the estate, and Kuhl, who was made a defendant, set up claim in his answer and by cross bill.

The case turned exclusively upon the question whether there had or not been a marriage between Kuhl and the said Catharina. The Chancellor was of opinion that Kuhl had failed to establish a valid marriage, and consequently was not entitled to the estate, and having decreed accordingly, Kuhl has appealed to this Court.

The complainants alledge in their original bill, which was filed shortly after the death of Mrs. S., that no marriage was ever solemnized between her and the defendant. Kuhl, in his answer, says he married the deceased in August, 1842, and that she was, even till her death, his lawful wife, and acknowledged herself to be such, and was so recognized by her relations and acquaintances.

The complainants then exhibited an amended bill, in which they charge that the defendant's answer was evasive and insufficient in regard to his pretended marriage, and they repeat the charge that there had been no marriage in due form of law, or in the face of the church, between the defendant and said Catharina; and they call upon him by various specific and searching interrogatories, to answer and state when, where and in what manner, by whom, whether by a clergyman or a magistrate, and in whose presence such marriage, if there had actually been one, had been solemnized, and to state also the name of the person who had solemnized it, and of the witnesses who were present.

The defendant, in his answer, still avers his marriage, and that it had taken place at the house of the deceased, on the 18th August, 1842, in the city of Louisville, at night, after the usual hour for supper. He does not recollect that any one was present besides himself, said Catharina and the minister, who had been sent for and his attendance procured by her. That he was not personally acquainted, before that time, with the minister, to whom he handed the license, and saw that he had a paper de-

claring him to be a minister. That the ceremony of marriage was then performed in the usual manner, in the English language. In addition to these particulars in regard to the marriage, he states several others, and finally states that the name of the minister, who solemnized the rites, was Klein, who had been a minister at the German Lutheran church in Louisville, in the spring and early fall of 1842, and at whose church said 'Catharina was in the habit of attending. He further adds, that the preacher, at the time, gave a statement in writing, that such marriage had been celebrated, which had been lost.

Proof of cohabitation and recognition by the parties of each other as man & wife is for most purposes deemed sufficient proof of marriage, subject however to be rebutted; but in a suit by the relations of the supposed wife against the supposed husband for the property of the deceased supposed wife, where the issue is marriage in fact or not, such evidence is insufficient; a marriage in fact should be proved.

The proof of cohabitation by the parties subsequent to the period of the alledged marriage and of recognition by each other as man and wife, is ample and satisfactory. Such proof, for most purposes, has been deemed sufficient to justify a presumption of an actual marriage. It is *prima facie* evidence, but subject to be encountered and rebutted by countervailing testimony. But in this case, a direct issue is made up by the parties, whether there had been a marriage in fact, as claimed and relied on by the defendant. Under that issue, proof of recognition, acknowledgment of cohabitation, is not alone sufficient, under the circumstances of this case, to satisfy it and establish a marriage.

The effort on the part of Kuhl to establish it by other testimony, proved signally abortive, and is characterized, in view of the answer and testimony adduced, by an amount of fiction, fraud and perjury, rarely so glaringly manifest in a judicial proceeding. The answer and the testimony have undergone, by the Chancellor, a most searching, and for Kuhl, fatal scrutiny. Deeming it unnecessary to go into a tedious analysis and argument of the testimony and facts of the case, we need only remark that we entirely concur in the views of the Chancellor in regard to the testimony, and in his conclusions, that the defendant, Kuhl, has failed to establish a marriage with the deceased, either *de jure* or *de facto*.

In regard to the deposition suppressed by the Chancellor, we think there was no error, and in regard to other alledged errors, they are not deemed available.

Wherefore, the decree is affirmed.

*Greene, Marshall and Flusser* for appellant; *Pilcher & Hauser and Fry* for appellees.